JOURNAL ENTRY AND OPINION
{¶ 1} Vivian Cooper ("Vivian") appeals from the decision of the trial court granting Ben J. Cooper a divorce. Vivian argues that the trial court abused its discretion when it set the spousal support award, the termination date of the marriage, the award of attorney fees, and when it failed to assign a value to and distribute all marital property. For the following reasons, we affirm the decision of the domestic relations court.
 {¶ 2} This case arises from the dissolution of the union between Ben Cooper ("Ben") and Vivian Cooper entered into on March 16, 1968, in Cleveland, Ohio. No children were born as issue of this union. In September 1990, Ben left the marital home located at 3051 East 128th Street in Cleveland, Ohio. On November 12, 1991, at the request of Vivian, the domestic relations court awarded her an alimony only decree. Pursuant to that decree, the court ordered Ben to pay $500 each month in spousal support as well as Vivian's living and medical expenses, which included all real estate taxes.
 {¶ 3} In the ensuing years, Ben twice filed and twice withdrew complaints for divorce. On March 16, 1998, a magistrate for the domestic relations court reinstated the alimony only decree, which had been in abeyance up until this time. On April 6, 2000, Ben filed his third and final complaint for divorce, citing that he and Vivian lived separately and apart without cohabitation as the grounds for the divorce. The following month, the trial court incorporated the alimony only decree into the divorce proceedings.
 {¶ 4} After two days of trial, the court dictated its findings and rulings from the bench and granted the divorce. The domestic relations court found that the parties met the residency requirements, that they were married and that no children were born as issue of the marriage. The court also found that the couple had been living separately and apart before and since the alimony award of November 12, 1991. The court found that Ben had complied with the requirements of the alimony only decree and that the marriage between the parties ended on November 12, 1991. The trial court then announced that it would be making all evaluations in the divorce as of that date.
 {¶ 5} The court awarded the marital home located at 3051 E. 128th Street to Vivian as well as the property inside of the residence. At the time of the award, Ben had paid the mortgage and an appraisal showed that the house was worth $40,000. The trial court also awarded Vivian a marital share of Ben's General Motors Corporation pension, taking into account that she could apply for and receive her monthly share of the pension at that time. The court then found that because Vivian had worked off and on during the marriage, she was entitled to an award of limited spousal support. The trial court awarded Vivian the monthly sum of $1,000 until she reached her sixty-second birthday on February 14, 2008, or until she started receiving social security. The trial court awarded Vivian the sum of $500 for her attorney fees and dissolved all previously issued restraining orders. The trial court also stated that it would retain jurisdiction over the case in the event that a material change in the circumstances took place.
 {¶ 6} Vivian filed a notice of appeal on May 12, 2004, which this court dismissed for lack of a final appealable order. On July 14, 2005, Vivian filed the instant appeal, raising the ten assignments of error contained in the appendix to this opinion.
 {¶ 7} In her first and fifth assignments of error, Vivian argues that the trial court abused its discretion when it failed to set forth sufficient reasoning for its award of spousal support and when it failed to award a larger amount of support.
 {¶ 8} In determining whether to grant spousal support and in determining the amount and duration of the payments, the trial court must consider the factors listed in R.C.3105.18(C)(1)(a)-(n). Beck v. Beck (Dec. 16, 1999), Cuyahoga App. No. 75510. A trial court has broad discretion to examine all the evidence before it determines whether an award of spousal support is appropriate. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 130. A decision regarding spousal support will not be disturbed on appeal absent an abuse of that discretion.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 9} Pursuant to R.C. 3105.18, there is no requirement that the trial court make specific findings of fact regarding its award of spousal support to a party. R.C. 3105.171(G). Additionally, the record reflects that Vivian failed to request specific findings of fact and conclusions of law pursuant to Civ.R. 52 regarding the trial court's spousal support order. "In the absence of a request for separate findings of fact and conclusions of law pursuant to Civ.R. 52, `the trial court need only consider the factors set forth in R.C. 3105.18; it need not list and comment upon each of them.'" Carman v. Carman (1996),109 Ohio App.3d 698; quoting Adams v. Adams (July 18, 1994), Clermont App. No. CA94-02-911. Accordingly, when a party does not request findings of fact and conclusions of law, we will presume that the trial court considered all the factors listed in R.C.3105.18 and all other relevant facts. Carman, supra.
 {¶ 10} Because Vivian did not request specific findings of fact and conclusions of law regarding the trial court's spousal support order and because R.C. 3105.18 does not require a trial court to make specific findings of fact regarding its award of spousal support to a party, we find no merit to this argument.
 {¶ 11} Vivian's argument that the trial court should have ordered a larger award of spousal support is also without merit. The testimony taken from the parties revealed that Ben worked at General Motors Corporation for over thirty years and earned approximately $90,000 in 2002, though the amount Ben earned each year varied by the amount of overtime General Motors Corporation allowed him to work. Vivian worked on and off throughout the marriage and attended both Cleveland State University and Cuyahoga Community College. Vivian testified that she suffered from stress and that she could not work but did not support these claims with any evidence.
 {¶ 12} Additionally, the trial court specifically reserved jurisdiction over the issue of spousal support thereby preserving the ability to modify or terminate the award upon a material change in circumstances. The trial court ordered Ben to pay spousal support to Vivian in the amount of $1,000 per month until her sixty-second birthday. After a thorough review of the record, we cannot conclude that the trial court's award of $1,000 per month in spousal support was so arbitrary, unreasonable, or unconscionable as to constitute an abuse of discretion.
 {¶ 13} Accordingly, Vivian's first and fifth assignments of error are overruled.
 {¶ 14} In her second assignment of error, Vivian argues "the trial court abused its discretion by setting forth a definite date on which sustenance alimony would terminate." This assignment of error lacks merit.
 {¶ 15} In Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, the Ohio Supreme Court set forth the following exception when awarding spousal support:
"Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
 {¶ 16} At first glance, it appears that the instant case falls within the exception announced in Kunkle. Here, there was a marriage of long duration, twenty-three years, and the parties are of advanced age; Vivian is sixty years old and Ben is sixty-one years old. Vivian is unemployed and rarely worked during the marriage. Additionally, it is undisputed that Ben has a much higher earning capacity than Vivian. Ben has worked for General Motors Corporation for over thirty years and earned approximately $90,000 in 2002. Although Ben claims that his income varies with the amount of overtime he receives, it is apparent from the record that his salary does not vary too far from his 2002 earnings.
 {¶ 17} What distinguishes this case from the facts inKunkle is that Vivian had plenty of opportunity to obtain employment outside of the home. Although for the majority of the marriage Vivian was unemployed, she did work as a secretary and also worked at an accounting office. Also, during the marriage and the ensuing separation, Vivian sporadically attended Cleveland State University and Cuyahoga Community College and pursued an accounting degree, which she never received. The union between the parties did not produce children. Finally, though Vivian alleges physical and mental health problems, she does not allege that they prevent her from working or becoming self-supporting.
 {¶ 18} Moreover, in addition to the award of spousal support, the trial court awarded Vivian complete ownership of the marital residence, which was owned free and clear of any mortgage and was valued at $40,000. In addition to ownership of the house, the trial court also awarded Vivian her marital share of Ben's General Motors Corporation pension. When making this award, the trial court took into consideration that Ben had the requisite number of years of service with the corporation to allow Vivian to apply for her monthly share as of the date of the divorce. Finally, when the spousal support award terminates on her sixty-second birthday, Vivian can apply for and receive social security benefits.
 {¶ 19} Under these particular circumstances, we hold that the trial court did not abuse its discretion in setting the amount of spousal support at $1,000 per month until her sixty-second birthday. Accordingly, Vivian's second assignment of error is overruled.
 {¶ 20} In her third assignment of error, Vivian argues that "the trial court erred and abused its discretion when assigning a de facto termination date as the date the marriage ended, instead of using the actual date of the divorce." This assignment of error is without merit.
 {¶ 21} Generally, trial courts use a de facto termination of marriage date when the parties separate, make no attempt at reconciliation, and continually maintain separate residences, separate business activities, and separate bank accounts. Gulliav. Gullia (1994), 93 Ohio App.3d 653, 666. However, courts should be reluctant to use a de facto termination of marriage date solely because one spouse vacates the marital home. Meeksv. Meeks (Feb. 14, 2006), Franklin App. No. 05AP-315, 2006-Ohio-642. Instead, a trial court may use a de facto termination of marriage date when the evidence clearly and bilaterally shows that it is appropriately based upon the totality of the circumstances. Id. A trial court's decision to use the date of the final hearing or a de facto termination of marriage date is discretionary and will not be overturned on appeal absent an abuse of discretion. Id.
 {¶ 22} In the present case, the trial court did not abuse its discretion when it used a de facto termination of marriage date that was earlier than the final hearing date. Ben's testimony was that he left the marital residence in September 1990 and never returned. A year later, Vivian petitioned for an award of alimony, which the trial court granted. Pursuant to the award, Ben was required to pay Vivian's living expenses and a spousal support award of $500.
 {¶ 23} From the date of the alimony award, the parties continued to live at separate residences without engaging in any attempts at reconciliation. In her brief, Vivian alleges that during their separation, the couple engaged in sexual relations in January 2003 and April 2003. However, Ben denied that the events took place and Vivian failed to allege that the two occasions were attempts at reconciliation.
 {¶ 24} For the abovementioned reasons, we find that the trial court did not abuse its discretion when it set the de facto termination date of the marriage as November 12, 1991. Accordingly, Vivian's third assignment of error is overruled.
 {¶ 25} In her fourth assignment of error, Vivian argues that "the trial court abused its discretion by not awarding the full amount of attorney fees to appellant." This assignment of error lacks merit.
 {¶ 26} The decision whether to award attorney fees is within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359. Accordingly, a trial court's decision with respect to attorney fees will be affirmed unless the court's attitude is unreasonable, arbitrary, or unconscionable. Dunbarv. Dunbar (1994), 68 Ohio St.3d 369, 371.
 {¶ 27} The record reflects that Vivian did not request, pursuant to Civ.R. 52, separate findings of fact and conclusions of law regarding the trial court's award of partial attorney fees to her. Absent separate findings of fact and conclusions of law on this issue, we will presume that the trial court considered all the relevant statutory guidelines, including the provisions of R.C. 3105.18. Cherry, 66 Ohio St.2d at 356. Moreover, as long as the record contains evidence in support of the award of attorney fees, the trial court's decision will not be reversed by a reviewing court. Rand, supra.
 {¶ 28} The evidence in the record reveals that during the course of the divorce proceedings, Vivian hired and fired numerous attorneys, all of whom had outstanding legal bills. Additionally, Vivian alleged that several of her attorneys were biased against her and that they were not adequately representing her interests. The evidence also showed that Ben had previously paid $1,500 to Vivian for her attorney fees as part of the alimony only award. Vivian did not identify to the court the exact amount of attorney fees she owed; she merely claimed that she could not pay her bills. It is only now in her appellate brief, that Vivian identifies her outstanding legal bills at $15,000.
 {¶ 29} After hearing the evidence, the trial court ordered Ben to pay Vivian, as additional support, the sum of $500 toward her current attorney's fees. Based upon a careful review of the record, we find that the trial court's decision to award Vivian partial attorney fees does not amount to an abuse of discretion.Dunbar, supra. There is ample evidence in the record that Ben has previously paid a large sum of money toward Vivian's attorney fees and that Vivian cannot afford to pay all of her own attorney fees. Accordingly, Vivian's fourth assignment of error is overruled.
 {¶ 30} In her sixth and tenth assignments of error, Vivian argues that the trial court abused its discretion when it failed to evaluate and distribute the marital property. These assignments of error are without merit.
 {¶ 31} In this portion of her appeal, Vivian alleges that the trial court erred when it failed to determine the cash surrender value of three life insurance policies purchased during the marriage and to distribute the property at the time of the divorce. Vivian also finds error with the trial court failing to distribute the remaining marital property. Specifically, Vivian alleges that she and Ben jointly own a credit union account but that she has not had access to that account since the separation. However, in her appellate brief, Vivian admits that she did not ask the trial court to divide this property nor did she put forth evidence of the credit union account or the three insurance policies, which she currently has in her possession. We therefore find that Vivian has waived her right to argue these issues on appeal. We are further disinclined to apply any plain error review to Vivian's arguments. See Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 122.
 {¶ 32} Vivian's sixth and tenth assignments of error are overruled. In her seventh assignment of error, Vivian argues that the
 {¶ 33} trial court erred when it found that all financial obligations of the alimony only decree were met and all previously issued restraining orders were dissolved. However, in setting forth this argument, Vivian fails to cite any authority for this claim. An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite any legal authority in support of an argument as required by App.R. 16(A)(7). State v. Martin (July 12, 1999), Warren App. No. CA99-01-003, 1999 Ohio App. LEXIS 3266, citing Meerhoff v.Huntington Mortgage Co. (1995), 103 Ohio App.3d 164, 169;Siementkowski v. State Farm Insurance, Cuyahoga App. No. 85323,2005-Ohio-4295. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out."Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028.
 {¶ 34} Vivian failed to cite any legal authority in support of her argument, a failure that allows this court to disregard this assigned error. App.R. 12(A)(2); App.R. 16(A)(7). Because Vivian failed to comply with App.R. 16(A)(7), we decline to review this assigned error.
 {¶ 35} Vivian's seventh assignment of error is overruled.
 {¶ 36} In her eighth assignment of error, Vivian argues that the trial court erred when it failed to award her sufficient spousal support to cover her health insurance costs. This assignment of error lacks merit.
 {¶ 37} In her appellate brief, Vivian claims that the trial court denied her oral request for continued health insurance coverage under Ben's General Motors health care program. However, a review of the transcript reveals that she never made such a request. Vivian cites to two pages in the transcript in support of her claim that she requested that the court order her continued health coverage under Ben's plan. However, a review of those pages shows that she merely explained how much her medical bills were during the separation and that Ben was required to pay them pursuant to the alimony only decree. Nothing in the record shows that Vivian ever requested continued health coverage from the trial court.
 {¶ 38} Moreover, after making its rulings from the bench, the trial court specifically stated to both parties: "I think those are the only items for this Court to make a decision on, is that correct?" At that point, Vivian's attorney agreed but asked that the trial court award her client attorney fees. Accordingly, Vivian has waived all but plain error. We decline to find plain error in this case. Goldfuss, supra.
 {¶ 39} Nonetheless, as we have previously found in our discussion of the first and fifth assignments of error, the trial court's order of spousal support was not so arbitrary, unconscionable or unreasonable as to constitute an abuse of discretion.
 {¶ 40} However, we note that when granting Ben the divorce, the trial court specifically retained jurisdiction. Therefore, Vivian can petition the trial court to revisit its decision and allege a material change in circumstances, such as outstanding medical bills and requiring health care coverage. Though it would be up to the trial court to determine whether to order General Motors Corporation to cover Vivian under Ben's health care plan, it appears that this requirement would not cost Ben or General Motors Corporation any additional funds. Although we are overruling this assignment of error, we note that Vivian has an alternative course of action with the trial court that may provide her with health care coverage.
 {¶ 41} Vivian's eighth assignment of error is overruled.
 {¶ 42} In her ninth assignment of error, Vivian argues that the trial court erred in making its findings because its findings were based on one-sided evidence. This assignment of error lacks merit.
 {¶ 43} In this portion of her appellate brief, Vivian is not arguing that the trial court erred in reaching its conclusion based on the evidence presented at trial, she is arguing that different evidence should have been presented. Vivian concedes that the evidence presented was in favor of her husband; what she claims as error is that evidence of her side of the story was not presented.
 {¶ 44} However, Vivian's arguments are based on evidence outside of the record. She is asking this court to find that the trial court erred, based on evidence that was not in the record before the trial court. This is a task that is outside the realm of our appellate jurisdiction. State v. Hill (2000),90 Ohio St.3d 571, 2001-Ohio-20. "A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
 {¶ 45} Accordingly, Vivian's ninth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., And Blackmon, J., concur.
 Appendix Assignments of Error:
 "I. The trial court abused its discretion in awardingsustenance alimony in the amount of $1,000.00 a month toappellant without setting forth sufficient reasoning for itsdecision.
 II. The trail court abused its discretion by setting atermination date on the sustenance alimony award.
 III. The trial court erred when setting a de facto terminationdate for the date the marriage ended.
 IV. The trial court abused its discretion by not awarding asufficient amount of attorney fees.
 V. The trial court abused its discretion by not awarding alarger amount of spousal support.
 VI. The trial court abused its discretion by failing todetermine the value and dispose of all marital property.
 VII. The trial court abused its discretion in its finding thatall previously issued restraining orders issued by this court bedissolved and set aside.
 VIII. The trial court erred by not awarding appellant asufficient amount of spousal support to cover the cost of theCOBRA health insurance or any other health insurance costs.
 IX. The trial court erred by making his findings based on theweight of the case.
 X. The trial court erred and abused its discretion by failingto grant an interest in and to the life insurance policies."