OPINION *Page 2 
{¶ 1} Defendant-Appellant, Alfred L. Cox, Jr., appeals the decision of the Logan County Court of Common Pleas ordering him to pay weekly spousal support to Plaintiff-Appellee, Toni L. Cox, until the death of either party. On appeal, Alfred asserts that the trial court abused its discretion in determining the amount and the duration of the award and that the trial court failed to set forth with reasonable detail the basis for its determination. Finding that the trial court did not abuse its discretion in determining the amount and duration of the award and that the trial court did not fail to set forth with reasonable detail the basis for its determination, we affirm the judgment of the trial court.
 {¶ 2} Alfred and Toni married in February 1980 and two children were born as issue of the marriage.
 {¶ 3} In April 2004, Toni filed for divorce and requested spousal support. Both children were emancipated as of the date of the filing. Additionally, Toni moved for temporary spousal support and exclusive use of the marital residence.
 {¶ 4} In May 2004, Alfred counter-claimed for divorce. Subsequently, the magistrate issued a temporary order granting Toni exclusive use of the marital residence and held the issue of spousal support in abeyance.
 {¶ 5} In September 2004, the case was placed on inactive status because the parties jointly filed for bankruptcy. *Page 3 
 {¶ 6} In February 2005, the case resumed active status.
 {¶ 7} In March 2005, the trial court held a hearing, during which the parties stipulated to disposition of all matters in the case except the issue of spousal support.
 {¶ 8} In April 2005, each party filed a spousal support statement with accompanying documentation. The parties did not dispute that the duration of the marriage was twenty-five years; that each party had a public retirement account; that the parties were in good mental and physical condition; that the children were emancipated; that the parties had a moderate standard of living; that each party had a high school education; and, that an award of spousal support would not have any tax consequences. However, the parties disputed Alfred's annual income and Toni's earning capacity.
 {¶ 9} In his statement, Alfred submitted that his gross annual income for 2005 would be $32,658. Alfred obtained this figure by multiplying his hourly pay rate of $12.00 by forty hours per week by fifty-two weeks, excluding overtime, for a base income of $24,960.00. Alfred then added his income as a township trustee of $7,698.00 to his base income. Regarding his trustee income, Alfred provided that "[u]ntil he does not choose to run for re-election or until he is fired, his Township Trustee compensation is $7,698.00. As a result, $32,658.00 is his true measure of income of which $7,698.00 is subject to re-election or choosing to *Page 4 
continue to be an elected official." (Alfred's April 2005 Statement, p. 2). Additionally, Alfred stated that Toni's income should be estimated at $18,720.00 instead of between $14,000 and $15,000 because she only worked during the school calendar year and could obtain work in the summer months; that Toni has health insurance through her employer, but Alfred does not; and, that neither party lost income production based upon his or her marital responsibilities.
 {¶ 10} In her statement, Toni submitted that Alfred's gross annual income for 2005 would be $40,500.00 and that hers would be $14,877.72. Toni calculated Alfred's income by extrapolating his gross income earned during his full-time job from January 2005 through March 2005 to the remainder of the year, which yielded $32,802.00.[1] Toni then added Alfred's annual income earned from his trustee position, $7,698.00, to the 2005 income extrapolation to derive a total gross income of $40,500.00. Additionally, Toni provided that she was a homemaker and cafeteria worker and had stayed home as the primary caretaker of the children during the marriage; that, had she not done so, her earning capacity would have been greater; and, that her likelihood of obtaining employment with any significant medical or retirement benefits was marginal. *Page 5 
 {¶ 11} In August 2005, the trial court bifurcated the issues of divorce and spousal support and entered the judgment of final divorce. The judgment provided that the parties owned no real estate;[2] that the marital debt had been discharged in bankruptcy; that the parties divided their personal property; that Toni would retain the car titled in her name; that Alfred would retain the truck titled in his name; and, that the parties would retain their respective retirement accounts. Additionally, Alfred filed a supplemental spousal support statement, in which he provided that Toni inappropriately extrapolated his income for 2005 based upon his pay stubs from January through March 2005. Alfred argued that, because he worked some overtime during the first two months of the year doing inventory, but would not have substantial overtime the remainder of the year, use of his hourly pay rate to extrapolate his 2005 income would be more appropriate.
 {¶ 12} In June 2006, the trial court issued its judgment entry, in which it ordered that Alfred pay Toni $100 per week. In doing so, the trial court provided that Toni was 49 years of age; that Toni worked as a school cook and earned $14,877.72 in 2004; that Toni had health insurance coverage and SERS retirement; that Alfred was 47 years of age; that Alfred worked three part-time jobs, was a township trustee, and earned $34,820.78 in 2004; that Alfred now had one full-time job earning $12.00 per hour and retained his trustee position; that the *Page 6 
marital debt was discharged in bankruptcy; and, that Toni was "largely a stay-at-home mother and homemaker during the children's minority." (June 2006 Judgment Entry, p. 1). In determining the parties' 2005 income, the trial court explained:
 [Toni] believes that spousal support of $150.00 per week ($7800.00 annually) is appropriate. She believes that [Alfred's] income, based on extrapolating his salary from January to March 2005, and adding his trustee salary, is close to $40,000.00. Such an award would give [Alfred] annual income of $32,700.00 and [Toni] annual income of $22,677.72.
 [Alfred] proposes spousal support of $150.00 per month ($1800.00 annually) for three years. He believes [Toni] can earn extra income by working at another job during the school breaks and he believes $18,000 annually is a fair figure for her earning capacity. He further states that his annual income is about $25,000.00 from [his employment] (at $12.00 per hour) and $7698.00 from [his] Union Township [trustee position]. There is no guarantee that [Alfred] will be reelected to his trustee position. Using [Alfred's] spousal support figure, his annual income would be $30,898.00 [after the $1800.00 spousal support award] and [Toni's] annual income would be $19,800.00.
 The Court adopts part of each argument. [Toni] should be able to secure part-time or seasonal employment during the school's summer breaks and the annual figure of $18,000.00 should be the starting point for any analysis. [Alfred's] income for spousal support computation purposes should be $32,698.00. A spousal support award of $100.00 per week ($5200.00 annually) would give [Alfred] annual income of $27,498.00 and [Toni] would have annual income of $23,200.00, assuming she acquired additional work in the summer months.
 Based on the arguments presented, and reviewing the factors contained in R.C. 3105.18, the Court ORDERS spousal support *Page 7 in the amount of $100.00 weekly ($5200.00 annually). The award should terminate upon the death of either party. The Court should retain the jurisdiction to modify the terms of the spousal support award pursuant to R.C. 3105.18(F).
(June 2006 Judgment Entry, p. 2).
 {¶ 13} It is from this judgment that Alfred appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ABUSED ITS DISCRETION BOTH IN THE AMOUNT OF THE AWARD AND THE DURATION OF THE AWARD OF SPOUSAL SUPPORT.
 Assignment of Error No. II THE TRIAL COURT FAILED TO SET FORTH WITH REASONABLE SPECIFICITY OR DETAIL THE BASIS FOR ITS DETERMINATION ON THE ISSUE OF SPOUSAL SUPPORT.
 {¶ 14} We apply the following standard of review throughout.
 Standard of Review {¶ 15} "`As part of a divorce proceeding, a trial court has equitable authority to divide and distribute the marital estate, and then consider whether an award of sustenance alimony would be appropriate.'"Heitzman v. Heitzman, 3d Dist. No. 3-05-11, 2005-Ohio-4622, at ¶ 3, quoting Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, superseded by statute on other grounds as stated in Cooper v. Cooper (2001), 6th Dist. No. L-01-1194, 2001 WL 969149; R.C. 3105.18(B) *Page 8 
(authorizing trial court to award reasonable spousal support following division of property). Accordingly, a trial court's order granting or denying spousal support will not be reversed on appeal absent an abuse of discretion. Crawford v. Crawford, 3d Dist. No. 14-06-42,2007-Ohio-3139, citing Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 Assignment of Error No. I {¶ 16} In his first assignment of error, Alfred asserts that the trial court abused its discretion both in the amount and the duration of the spousal support award. Specifically, Alfred contends that the trial court incorrectly considered his trustee income because he moved out of the county and was no longer eligible to be a trustee; that the trial court erred in ordering permanent spousal support; and, that the trial court erroneously ordered spousal support to equalize the parties' income. We disagree.
 {¶ 17} In determining whether spousal support is appropriate and necessary, and in determining the nature, amount, terms of payment, and duration of spousal support, trial courts must consider all of the factors listed in R.C. 3105.18(C)(1). *Page 9 Lee v. Lee, 3d Dist. No. 17-01-05, 2001-Ohio-2245; R.C. 3105.18(C)(1). The requisite factors are as follows:
 a) The income of the parties, from all sources * * *;
 b) The relative earning abilities of the parties;
 c) The ages and the physical, mental, and emotional conditions of the parties;
 d) The retirement benefits of the parties;
 e) The duration of the marriage;
 f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 g) The standard of living of the parties established during the marriage;
 h) The relative extent of education of the parties; i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 l) The tax consequences, for each party, of an award of spousal support;
 m) The lost income production capacity of either party that resulted from that party's marital responsibilities; n) Any other factor that the court expressly finds to be relevant and equitable.
R.C. 3105.18(C)(1).
 {¶ 18} Here, Alfred first argues that the trial court abused its discretion in considering his trustee income because he moved out of Logan County and, *Page 10 
subsequently, to Indiana; therefore, he was no longer eligible to be a trustee. However, a review of the record suggests that Alfred retained his position as a trustee at all times relevant to the trial court's June 2006 judgment entry. While Alfred had to move from the marital residence when the trial court granted Toni exclusive use of it in the May 2004 temporary order, the trial court did not require that Alfred move out of Logan County. Additionally, Alfred made no mention of his alleged ineligibility as a trustee in his April 2005 statement submitted to the trial court and, in fact, indicated that he was still a trustee and included his trustee income in his 2005 income calculation. Moreover, it is clear from the trial court's June 2006 judgment entry that the trial court believed Alfred was a trustee at that time. Although we discourage the trial court's lengthy delay in issuing its June 2006 judgment entry, the record is devoid of any attempts by Alfred to inform the trial court of any changes in his trustee status prior to issuance of the entry.[3] Accordingly, we find that the trial court did not abuse its discretion by considering Alfred's trustee income in its calculation of spousal support.
 {¶ 19} Next, Alfred argues that the trial court abused its discretion in ordering permanent spousal support given the parties' ages at divorce and their abilities to be self-sustaining. In general, where a payee spouse "has the resources, ability and potential to be self-supporting," the trial court "should provide for the *Page 11 
termination of the award, within a reasonable time and upon a date certain" in order to disentangle the parties. Kunkle,51 Ohio St.3d at 69. However, trial courts may deviate from this rule "in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home." Id.; see, also, Bowen,132 Ohio App.3d at 626. Thus, while Alfred is correct in stating that the general rule favors disentanglement, trial courts have discretion to make an exception in cases involving marriages of long duration. See, e.g.Bowen, 132 Ohio App.3d at 626 (twenty year marriage qualified as exception to rule of definite termination date); Soley v. Soley (1995),101 Ohio App.3d 540, 550 (twenty years qualified); Vanke v. Vanke
(1994), 93 Ohio App.3d 373, 376 (twenty-two years qualified);Leversee v. Leversee (1993), 10th Dist. No. 92AP-1307, 1993 WL 87005
(twenty-one years qualified); Corpac v. Corpac (1992), 10th Dist. No. 91AP-1036, 1992 WL 41244 (twenty-five years qualified). Although we sympathize with Alfred's argument given both parties were only in their forties at the time of divorce, we cannot find that the trial court abused its discretion in ordering permanent spousal support in light of their twenty-five year marriage, particularly since the trial court retained jurisdiction to modify the award.
 {¶ 20} Finally, Alfred argues that the trial court abused its discretion by attempting to equalize the parties' incomes because equalization of incomes is not *Page 12 
the goal of a spousal support award. The Ohio Supreme Court has held that R.C. 3105.18 does not require a spousal support award "that provides the parties with an equal standard of living or a standard of living equivalent to that established during the marriage." Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 95, superseded by statute on other grounds as stated in Heslep v. Heslep (2000), 7th Dist. No. 825,2000 WL 818909; see, also, Kunkle, 51 Ohio St.3d at 70 and Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 355. Instead, the goal of spousal support is to reach an equitable result, and the method used in attaining that goal cannot be reduced to a mathematical formula. Kaechele,35 Ohio St.3d at 96; Bachtel v. Bachtel, 7th Dist. No. 03 MA 75, 2004-Ohio-2807, at ¶ 41. Thus, the trial court "must consider all the factors listed in [R.C. 3105.18(C)(1)] and not base its determination upon any one of those factors taken in isolation." Kaechele, 35 Ohio St.3d at 96.
 {¶ 21} Here, nothing in the record indicates that the trial court's intent was to equalize the parties' incomes or that the trial court focused solely upon the parties' incomes in ordering spousal support. The trial court listed several of the factors in R.C. 3105.18(C)(1), including the parties' 2004 incomes, their earning abilities for 2005, their ages, Toni's health insurance and retirement benefits, the duration of the marriage, the marital debt, and the fact that Toni was mainly a stay-at-home mother and homemaker while their children were growing up. *Page 13 
Moreover, while similar, the parties' incomes are not equal after accounting for the annual spousal support award. Further, although a trial court is not required to equalize incomes, it is not prohibited from doing so where such a result is reasonable and equitable. Thus, even if the trial court intended to equalize the parties' incomes, we cannot find that such a result was inequitable under the circumstances. Therefore, we find that the trial court did not abuse its discretion in the amount and the duration of the spousal support award.
 {¶ 22} Accordingly, we overrule Alfred's first assignment of error.
 Assignment of Error No. II {¶ 23} In his second assignment of error, Alfred asserts that the trial court failed to set forth with reasonable specificity or detail the basis for its award of permanent spousal support. Specifically, Alfred contends that, while the trial court recited the facts relevant to the factors in R.C. 3105.18(C)(1), it failed to explain why spousal support was appropriate. We disagree.
 {¶ 24} As noted above, a trial court must consider the factors set forth in R.C. 3105.18 when determining spousal support. While the trial court need not make specific findings of fact or comment on every factor, Carman v. Carman (1996), 109 Ohio App.3d 698, 703, "the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele, 35 Ohio St.3d at 97. A *Page 14 
trial court's mere statement that it considered the factors in R.C.3105.18 is inadequate.[4] Taylor v. Taylor, 8th Dist. No. 86331,2006-Ohio-4270, ¶ 33 (failure to mention any factors in judgment entry ordering spousal support was insufficient); Stafinsky v. Stafinsky
(1996), 116 Ohio App.3d 781, 784 (sole mention of income, coupled with statement that the trial court considered requisite factors, was insufficient); Schneider v. Schneider (1989), 61 Ohio App.3d 164, 168
(failure to mention any factors in judgment entry was insufficient);Schoren v. Schoren, 6th Dist. No. H-04-019, 2005-Ohio-2102, ¶ 29
(consideration of parties' incomes, earning abilities, retirement benefits, duration of marriage, assets and liabilities, wife's contribution to husband's earning ability, and tax consequences was sufficient).
 {¶ 25} Here, Alfred argues that the trial court failed to provide a sufficient basis for awarding spousal support to Toni. A review of the record indicates that, while the trial court did not explicitly spell out its reasoning for awarding spousal support, it did mention several of the factors under R.C. 3105.18, including their 2004 incomes, their earning abilities for 2005, their ages, Toni's health insurance and retirement benefits, the duration of the marriage, the marital debt, and the fact that Toni was mainly a stay-at-home mother and homemaker while the children *Page 15 
were growing up. Although the trial court went into greater detail regarding its calculation of the parties' incomes, its inclusion of numerous other factors distinguishes it from those cases where a trial court mentioned none or only one of the factors in the judgment entry. See Taylor, Safinsky, Stychno, and Schneider, supra. Thus, while minimally sufficient, the trial court provided enough detail in its judgment entry for us to determine that the award was fair, equitable, and in accordance with the law.
 {¶ 26} Moreover, we note that Alfred could have requested specific findings of fact and conclusions of law pursuant to Civ.R. 52, but did not do so. See, e.g., Cooper v. Cooper, 8th Dist. No. 86718,2006-Ohio-4270, ¶ 9 (trial court need not list and comment upon each factor under R.C. 3105.18 absent a request for specific findings of fact and conclusions of law); Blackledge v. Blackledge, 5th Dist. No. 03-CA-44, 2004-Ohio-2086, ¶ 21 (same). Thus, we find that the trial court did not fail to set forth with reasonable specificity or detail the basis for its spousal support award.
 {¶ 27} Accordingly, we overrule Alfred's second assignment of error. *Page 16 
 {¶ 28} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, J., concurs.
 WILLAMOWSKI, J., concurs in judgment only.
[1] Toni took Alfred's 2005 income earned to date ($6,939.00), including overtime, and divided it by the number of weeks Alfred worked to date, excluding one week of unpaid vacation (11 weeks total), and multiplied that figure by 52 weeks to derive Alfred's estimated 2005 gross income of $32,802.00.
[2] The marital residence was foreclosed upon during the bankruptcy proceedings.
[3] We note that, if Alfred no longer retains his township trustee position, he has potential recourse through a motion to modify spousal support pursuant to R.C. 3105.18(E).
[4] We note that, prior to Kaechele, the Ohio Supreme Court had held that a reviewing court would presume that a trial court had considered the factors under R.C. 3105.18 in determining whether to award spousal support. Cherry, 66 Ohio St.2d at 356. Although not explicitly overruling Cherry, the Court's later decision in Kaechele made it clear that a trial court must indicate the basis for its decision with sufficient detail and that consideration of the requisite factors would no longer be presumed. *Page 1