OPINION *Page 2 
{¶ 1} Appellant John C. Tsai appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which declined to modify appellant's spousal support obligation following his post-decree motion. Appellee Xiao-Yang Tien is appellant's former spouse.[1] The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married on June 24, 1988. Two children were born as issue of the marriage. Appellant filed a complaint for divorce on December 21, 2000. On June 28, 2002, the trial court issued a judgment entry and decree of divorce, incorporating the parties' separation agreement.
 {¶ 3} On August 5, 2002, appellant filed a motion for modification of child support and spousal support. By judgment entry filed September 28, 2002, the trial court overruled the motion.
 {¶ 4} On January 24, 2003, appellant again moved for modification of his child support and spousal support obligations. The matter proceeded to an evidentiary hearing before a magistrate on February 26, 2004. Appellant therein asserted, inter alia, that his annual income as a cardiologist had decreased from $519,000 to $436,964. Tr. at 49-52. Upon hearing the evidence, the magistrate recommended a reduction in appellant's child-support obligation from $2,488.20 to $2,114.26 per month, based on appellant's total income of $458,659. The magistrate denied the remainder of appellant's motion for modification of his spousal support obligation, finding no substantial change in the circumstances of the parties. However, the magistrate *Page 3 
modified the parties' divorce decree provision, which had required that appellant maintain life insurance for the benefit of the parties' children until they reached the age of 25. On September 8, 2004, by judgment entry, the trial court approved and adopted the amended magistrate's decision, overruling the parties' objections.
 {¶ 5} Appellant appealed the trial court's September 8, 2004 judgment entry, arguing the court had abused its discretion in refusing to modify the spousal support obligation where appellant's income "had decreased by $60,000, or 12%." See Tsai v. Tien, 162 Ohio App.3d 89, 91, ¶ 5 ("Tsai I"). In addition, appellee filed a cross-appeal, maintaining the trial court had erred in modifying the decree provisions pertaining to life insurance for the benefit of the parties' children. Id. at ¶ 7.
 {¶ 6} Upon review, this Court analyzed the pertinent statute, R.C.3105.18, and proceeded to adopt the reasoning of the Ninth District Court of Appeals in Kingsolver v. Kingsolver, Summit App. No. 21773,2004-Ohio-3844, which held that a party seeking modification of spousal support no longer needed to demonstrate a "substantial" change in circumstances. We therefore reversed and remanded the matter for the trial court "to redetermine the motion to modify spousal support using the Kingsolver standard for change of circumstances." Tsai I at ¶ 28. We further sustained appellee's assignments of error on cross-appeal regarding the issue of life insurance. Id. at ¶ 35.
 {¶ 7} The trial court scheduled a hearing upon our remand, at which time the parties agreed that the evidence presented at the original hearing was sufficient. After hearing arguments of counsel and allowing for post-hearing briefs, the trial court issued a judgment entry on December 29, 2006, holding in pertinent part as follows: *Page 4 
 {¶ 8} "The court has now had the opportunity to review the entire record including the transcripts of the numerous proceedings in this matter. Upon remand, this Court does apply the standard directed by the Fifth District Court of Appeals consistent with the KINGSOLVER case. Specifically, there is a change of circumstances and the Court has reserved jurisdiction to affect the amount of spousal support, thus the jurisdictional threshold has been reached.
 {¶ 9} "Upon due consideration of all the pertinent factors contained in ORC 3105.18 in light of the entire record in this case, the court finds that the existing order should not be modified in any way and that the moving party failed to meet his burden to justify any change." Judgment Entry at 1.
 {¶ 10} Appellant filed a notice of appeal therefrom on January 26, 2007. He herein raises the following sole Assignment of Error:
 {¶ 11} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO MODIFY APPELLANT'S SPOUSAL SUPPORT OBLIGATION WHERE HIS INCOME HAD DECREASED BY $60,000, OR 12%."
 I. {¶ 12} In his sole Assignment of Error, appellant contends the trial court abused its discretion in declining to modify spousal support following our remand in Tsai I. We disagree.
 {¶ 13} Modifications of spousal support are reviewable under an abuse-of-discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,541 N.E.2d 1028. In *Page 5 
order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481,450 N.E.2d 1140. The burden of establishing the need for modification of spousal support rests with the party seeking modification. Tremaine v.Tremaine (1996), 111 Ohio App.3d 703, 676 N.E.2d 1249.
 {¶ 14} In the case sub judice, the trial court concluded upon remand that even though the original decree reserved jurisdiction and that a change of circumstances existed under the Kingsolver rationale, no change in spousal support would be presently justified. In its judgment entry, the trial court explicitly recited that it had reviewed the entire record, including the prior transcripts. The court further indicated that it had considered all of the pertinent factors in R.C.3105.18.
 {¶ 15} We note there is no intrinsic requirement for a trial court to list and comment upon each factor under R.C. 3105.18. See Cox v.Cox, Logan App. No. 8-06-17, 2007-Ohio-5769, ¶ 26, citing Blackledge v.Blackledge, Licking App. No. 03-CA-44, 2004-Ohio-2086, ¶ 21. Furthermore, "[a]n appellate court is guided by a presumption of regularity in the proceedings before a trial court." Huffer v. Chafin, Licking App. No. 01 CA 74, 2002-Ohio-356. Upon review, we find the trial court followed our mandate upon remand in Tsai I, and we are unable to conclude the trial court abused its discretion *Page 6 
under these circumstances in denying the requested modification of spousal support despite the downward change in appellant's income.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
 By: Wise, J. Gwin, P. J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] Some of the trial court pleadings in the record set forth appellee's name as "Xiao-Ying Tien." *Page 1