[Cite as *Kingseed v. Dininger*, 2014-Ohio-1484.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

DENNIS KINGSEED,

      PLAINTIFF-APPELLANT,            CASE NO.  13-13-39

      v.

KAREN DININGER,                   O P I N I O N

      DEFENDANT-APPELLEE.

Appeal from Tiffin Municipal Court
Trial Court No. 11CVG607

Judgment Reversed and Cause Remanded

Date of Decision:   April 7, 2014

APPEARANCES:

    *James R. Gucker*  for Appellant

Case No. 13-13-39

**ROGERS, J.**

{¶1} Plaintiff-Appellant, Dennis Kingseed, appeals the judgment of the Tiffin Municipal Court awarding him damages in a forcible entry and detainer action against Defendant-Appellee, Karen Dininger. On appeal, Kingseed argues that the trial court erred by improperly calculating his damages. Finding that the damages calculation is not supported by some competent, credible evidence, we reverse the trial court's judgment.

{¶2} Kingseed and Dininger entered into a rental agreement that commenced October 1, 2010,[1] and terminated on September 30, 2011. Under the terms of the lease, the rent was $700 per month; due in advance on the first day of every month; and subject to a $10 a day late fee until paid. The tenant was also obligated to professionally shampoo the carpet and provide a receipt of the service to the landlord upon termination of the lease.

{¶3} Kingseed posted an eviction notice to the door of Dininger's residence on August 4, 2011, alleging that she had failed to pay the rent in July and August. On August 8, 2011, Kingseed filed a forcible entry and detainer action with the Tiffin Municipal Court. Both Kingseed and Dininger appeared at the eviction hearing on August 24, 2011. Dininger informed the trial court that she had already left the premises. Upon learning this information, the court scheduled a separate

---

[1] We note that the rental agreement was entered into on October 12, 2010, but that the lease, by its terms, began on October 1, 2010.

hearing for damages, noting that it did not combine the hearings for "damages and eviction on the same day."[2] Aug. 24, 2011 Hearing Tr., p. 3.

{¶4} A hearing for damages was held on September 21, 2011. Both Kingseed and Dininger appeared, but neither was represented by counsel. When asked to present testimony regarding his damages, Kingseed testified that he had a list. However, this list was not offered as an exhibit nor otherwise made a part of the record. He did provide the court with a copy of the lease, as he had not filed one by the time of the hearing. As to his damages, Kingseed testified that he was owed money for back rent, advertising, shoveling snow, lawn maintenance, and repainting the premises after removing scotch tape. Kingseed also testified that Dininger failed to professionally clean the carpets per the lease agreement, and, as a result, paid for the hiring of a professional cleaner himself at a cost of $209.29.

{¶5} After Kingseed rested, Dininger testified that the only damages she had been made aware of were for back rent. She also testified that Kingseed still had her security deposit, equal to one month's rent, in his possession, which Kingseed acknowledged. She disputed whether she owed any additional money in damages. Dininger admitted that she did not shampoo the carpet, but she "left it in

---

[2] We note that nothing in statute or rule prohibits the court from holding a hearing to determine both the forcible entry and detainer action and the damages on the same day. Indeed, R.C. 1923.081 states that both claims can be tried together "unless for good cause shown the court continues the trial on those claims." Good cause can include "the request of the defendant to file an answer or counterclaim to the claims of the plaintiff for discovery * * *." R.C. 1923.081. The statute "permits joinder of causes of action for possession, past rent due, damages, and counterclaims raised by defendant, in one trial." *Jemo Assocs., Inc. v. Garman*, 70 Ohio St.2d 267, 270 (1982). Here, the court failed to articulate the good cause necessitating the continuance outside of its general rule that the two claims are never considered at the same hearing.

perfect condition the best I could when I left. I know there were a few marks on the wall." Sept. 21, 2011 Hearing Tr., p. 10. At the close of the hearing, the court informed both parties that a written opinion would be forthcoming.

**{¶6}** A journal entry followed, but not until nearly two years later, on August 23, 2013.[3] In the entry, Kingseed was awarded $1,400 in delinquent rent. The form entry,[4] which was not typed and instead contained the handwritten notes of the court, stated under the "other" category of damages that "no proof of painting bedroom east wall, carpet cleaning, advertising * * *." (Docket No. 13, p.1). The entry goes on to reduce the delinquent rent amount by $700 for the security deposit and awarded Kingseed the amount of $700 in damages, plus court costs and 3% interest per annum.

**{¶7}** Kingseed timely appealed this judgment, presenting the following assignment of error for our review.

### Assignment of Error

**THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE COURT FAILED TO PROPERLY CALCULATE DAMAGES.**

---

[3] We note that there is no reason on record as to why the trial court waited nearly two years before filing its judgment entry in this case. Such a delay is unconscionable. *See Alheit v. Alheit*, 9th Dist. Lorain No. 4157, 1987 WL 9825, *1 (Apr. 15, 1987); *see also State v. Simmers*, 3d Dist. Marion No. 9-2000-53, 2000 WL 1706391, *3 (Nov. 15, 2000). However, to constitute reversal, there must be proof that the delay prejudiced a party. *See Alheit* at *1; *see also Cox v. Cox*, 3d Dist. Logan No. 8-06-17, 2007-Ohio-5769, ¶ 18. In the case sub judice, there is no proof of prejudice to either party as a result of the delay.
[4] This court discourages utilizing boilerplate judgment entries as was used in this case.

{¶8} In his sole assignment of error, Kingseed argues that the trial court failed to properly calculate his damages. We agree.

{¶9} While Kingseed alleges a single assignment of error, as part of that error he argues that the trial court: (1) improperly calculated past due rent and late fees for July, August, and September of 2011; (2) failed to award damages for advertising; (3) failed to award damages for carpet shampooing; (4) failed to award damages for snow removal; (5) failed to award damages for the removal of scotch tape and subsequent repainting; and (6) failed to award damages for lawn care services. We will discuss the trial court's findings regarding the carpet shampooing, as it is dispositive of the case.

### Standard of Review

{¶10} Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C. E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280 (1978). "[W]hen reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24. Mere disagreement over the credibility of witnesses or evidence is not sufficient reason to reverse a judgment. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 81 (1984).

**{¶11}** A judgment can be set aside "if it is obvious that the trial court failed to consider an abundance of uncontroverted evidence and based its judgment on the testimony of witnesses who did not even address many of the trial issues." *Gillespie Constr. v. Henderson*, 3d Dist. Shelby No. 17-94-3, 1994 WL 530675, *3 (Sept. 28, 1994). A trial court should not completely discount the uncontroverted evidence of one party. *See Gatrell v. Kilgore*, 3d Dist. Crawford No. 3-99-20, 1999 WL 1243201, *3 (Dec. 22, 1999).

**{¶12}** In its judgment entry, the trial court specifically stated that there was "no proof of * * * carpet cleaning * * *." (Docket No. 13, p. 1). However, it was undisputed that the contract required the carpets be shampooed and that Dininger failed to shampoo the carpets before leaving. Further, Kingseed testified that he paid a professional carpet cleaner $209.29 to shampoo the carpets. While Dininger testified that she left the apartment very clean, and Kingseed agreed, it did not relieve her of her obligation under the contract to shampoo the carpets, nor did she provide any evidence in dispute of the amount Kingseed paid for carpet cleaning. Therefore, the finding of fact that there was "no proof" of the carpets being professionally shampooed is against the manifest weight of the evidence.

**{¶13}** Accordingly, we sustain Kingseed's sole assignment of error.

{¶14} Having found error prejudicial to Kingseed in his sole assignment of error, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J., concurs in Judgment Only.**
**SHAW, J., concurs.**

**/jlr**