OPINION
{¶ 1} Appellant, Joel S. Underwood, appeals the judgment of the Lake County Court of Common Pleas, in which he was sentenced for aggravated robbery, grand theft of a motor vehicle, and receiving stolen property.
 {¶ 2} On March 20, 2008, appellant was indicted by the Lake County Grand Jury on four counts: count one, aggravated robbery, a felony of the first degree, in *Page 2 
violation of R.C. 2911.01(A)(1), with a repeat violent offender specification pursuant to R.C. 2941.149, and a firearm specification pursuant to R.C. 2941.145; count two, grand theft of a motor vehicle, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1), with a firearm specification pursuant to R.C. 2941.145; count three, receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A), with a firearm specification pursuant to R.C. 2941.141; and count four, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2).
 {¶ 3} The instant charges arose from an incident which occurred in the parking lot at Walmart in Madison, Lake County, Ohio, on February 7, 2008. Appellant was driving a stolen vehicle from Cleveland when he approached the victim Eve Heshler in her car and demanded her keys at gunpoint. Ms. Heshler gave appellant her keys and removed her young daughter from the vehicle. Appellant then fled the scene in her vehicle. Ms. Heshler immediately contacted the police. In the meantime, appellant fled to Ashtabula County where he was observed by Geneva police. Appellant was pursued and a chase ensued. Appellant caused an accident, then exited the car and exchanged gunfire with the police.
 {¶ 4} On April 4, 2008, appellant filed a waiver of his right to be present at the arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 5} On May 7, 2008, appellant withdrew his former not guilty plea, and pled guilty to count one, aggravated robbery, a felony of the first degree, with a repeat violent offender specification and a firearm specification; count two, grand theft of a motor vehicle, a felony of the fourth degree, with a firearm specification; and count three, receiving stolen property, a felony of the fourth degree. The trial court entered a nolle *Page 3 
prosequi on count four of the indictment, having weapons while under disability, as well as on the firearm specification in count three.
 {¶ 6} Pursuant to its May 12, 2008 judgment entry, the trial court accepted appellant's guilty plea, deferred sentencing, and referred the matter to the Adult Probation Department for a presentence investigation and report, a psychological evaluation, and a victim impact statement.
 {¶ 7} Pursuant to its June 17, 2008 judgment entry, the trial court found that appellant's offense was subject to a mandatory prison term under R.C. 2929.13(F), and that he is a repeat violent offender under R.C. 2929.14(D)(2). The trial court sentenced appellant to serve ten years in prison for aggravated robbery in count one, three years for the firearm specification in count one, and three years for the repeat violent offender specification in that count. The trial court found that count two merged into count one for purposes of sentencing. The court further sentenced appellant to twelve months in prison for receiving stolen property in count three. All terms were to be served consecutively, for a total term of imprisonment of seventeen years. Appellant's sentence was also ordered to be served consecutively to the sentence imposed in Ashtabula County Case No. 2008 CR 0072. It is from this sentence that appellant filed a timely notice of appeal. He now asserts the following as his sole assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED BY SENTENCING [APPELLANT] TO THE MAXIMUM, CONSECUTIVE TERM OF IMPRISONMENT."
 {¶ 9} Appellant argues that the trial court erred by sentencing him to the maximum, consecutive term of imprisonment. He argues that the trial court erred by *Page 4 
imposing a prison term where its findings under R.C. 2929.12 were not supported by the record.
 {¶ 10} The Supreme Court of Ohio recently addressed the appellate standard of review of felony sentences in State v. Kalish,120 Ohio St.3d 23, 2008-Ohio-4912. Kalish was an appeal from this court's decision in State v. Kalish, 11th Dist. No. 2006-L-093, 2007-Ohio-3850. In Kalish, the Ohio Supreme Court adopted a two-step standard of appellate review. Under this standard, the appellate court must first examine the sentencing court's compliance with all applicable rules and statutes in imposing its sentence to determine whether the sentence is clearly and convincingly contrary to law. Under this first prong, the appellate court determines whether the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, and whether the trial court complied with all applicable rules and statutes. If this first prong is satisfied, the appellate court then proceeds to the second prong of the standard. Under this prong, the appellate court must review the trial court's sentence under an abuse-of-discretion standard.Kalish at 23.
 {¶ 11} In its analysis, the Supreme Court in Kalish held:
 {¶ 12} "* * * Therefore, trial courts `have full discretion to impose aprison sentence within the statutory range and are no longer required tomake findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' (Emphasis added.) [State v.]Foster, 109 Ohio St.3d 1, 2006-Ohio-856 * * *, at ¶ 100." Kalish at 25. *Page 5 
 {¶ 13} We note the writer of the concurring opinion uses her opinion as a vehicle to comment on the Supreme Court's ruling inKalish. Her extraneous comments do nothing to clarify the standard of appellate review announced by the Supreme Court in Kalish.
 {¶ 14} The standard of review announced by the Supreme Court inKalish resolved a conflict among Ohio's appellate districts concerning the applicable standard. Many districts, including this district, in following the holding of the Supreme Court concerning the trial court's discretion in sentencing under State v. Foster, adopted an abuse-of-discretion standard. Others followed a standard that considered whether the sentence was clearly and convincingly contrary to law under R.C. 2953.08(G)(1). The Supreme Court resolved the issue inKalish. The standard announced by the Supreme Court is a model of clarity and effectively resolves the conflict among the various appellate districts. Yet, the concurring judge seizes this opportunity to offer her views on the Supreme Court's ruling. First, she states the Supreme Court's opinion is merely persuasive and not binding authority. Yet, she does not take issue with the standard of appellate review announced in Kalish. Her comments are therefore irrelevant and unnecessary.
 {¶ 15} The concurring judge unnecessarily points out her role as dissenting in this court's opinion in Kalish. The Supreme Court thoroughly rejected that dissent's proposal of a de novo standard of review for felony sentences post-Foster. Comments regarding the history of Kalish prior to the decision of the Supreme Court are pointless and confusing. *Page 6 
 {¶ 16} In the case at bar, appellant contends that the trial court did not properly consider the recidivism factors set forth in R.C. 2929.12(E), which provides:
 {¶ 17} "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 18} Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 19} Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 20} Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 21} The offense was committed under circumstances not likely to recur.
 {¶ 22} The offender shows genuine remorse for the offense."
 {¶ 23} Here, although appellant apologized to the victims, the trial court properly noted that his remorse was substantially outweighed by other factors. For example, both Ms. Heshler and her child suffered serious psychological harm. One of the victims was a child. The court noted recidivism is likely. Appellant has a lengthy history of serious criminal convictions. He has been convicted of felonious assault with a gun specification, aggravated robbery with gun specifications, and breaking and entering. Appellant has not responded favorably to previously-imposed sanctions, including two prior lengthy prison terms. He violated his probation. He has a long history of substance abuse, which related to the commission of the instant offense. Finally, the court noted appellant is a danger to the community. *Page 7 
 {¶ 24} Also, Dr. Jeffrey Rindsberg, a licensed clinical psychologist, conducted an evaluation of appellant. Dr. Rindsberg reported that appellant has a history of violence, is antisocial at his core, and has a deviant makeup to the extent that he has little care for the rights and rules of society. Dr. Rindsberg further stated that appellant showed no indication of any underlying psychosis or major mental illness and that the offense at issue was calculated, organized, and goal-oriented.
 {¶ 25} The record establishes that the trial court sentenced appellant pursuant to Foster. Thus, the trial court was not required to make any findings regarding sentencing appellant to the maximum, consecutive term of imprisonment. However, the trial court was required to and did consider the principles and factors set forth at R.C. 2929.11 and R.C. 2929.12, as evidenced by the sentencing hearing as well as its judgment entry.
 {¶ 26} Specifically, the trial court stated in its June 17, 2008 sentencing order that it "considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation * * *, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." The trial court indicated that "for the reasons stated in the record, * * * a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that [appellant] is not amenable to an available community control sanction." The trial court also found that appellant is a repeat violent offender under R.C. 2929.14(D)(2).
 {¶ 27} Further, in its sentencing order, the trial court noted "that the maximum basic prison term is inadequate to punish [appellant] and to protect the public from future crime because the applicable factors under R.C. 2929.12 indicating [appellant] is *Page 8 
more likely to commit future crimes outweigh any applicable factors indicating that [appellant] is less likely to commit future crimes, and that the maximum basic prison term is demeaning to the seriousness of the offense because one or more factors under R.C. 2929.12 that increase the seriousness of the offense outweigh any applicable factors indicating that the offense is less serious."
 {¶ 28} As noted supra, appellant was sentenced to ten years in prison on count one, three years for the firearm specification in that count, three years for the repeat violent offender specification, and twelve months for receiving stolen property, for a total term of seventeen years, all to be served consecutively to each other and consecutively to the sentence imposed in Ashtabula County Case No. 2008 CR 0072. Appellant was therefore sentenced within the statutory range for his crimes. R.C. 2929.14(A)(1) and (4).
 {¶ 29} We therefore hold the sentence imposed by the trial court was not clearly and convincingly contrary to law. Under Kalish, the first prong is satisfied. We next review the trial court's sentencing of appellant under the abuse of discretion standard, the second prong of the standard set forth in Kalish.
 {¶ 30} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157. The term is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g., State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 31} Here, the sentencing transcript and judgment entry reveal that the trial court considered the relevant statutory considerations set forth in R.C. 2929.11 and *Page 9 
2929.12 in sentencing appellant, and sentenced appellant to a term of imprisonment within the statutory range of sentences for such crimes. There is nothing in the record before us to suggest that the trial court's sentencing decision was unreasonable, arbitrary, or unconscionable.
 {¶ 32} For the foregoing reasons, appellant's sole assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY O'TOOLE, J., concurs in judgment only with Concurring Opinion.