[Cite as *In re Change of Name of CMT to CMW-T*, 2017-Ohio-1417.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**


| | | |
|---|---|---|
| IN RE: | **:** | **O P I N I O N** |
| CHANGE OF NAME OF | **:** | |
| C.M.T. TO C.M.W-T. | | **CASE NO. 2016-G-0091** |
| | **:** | |


Appeal from the Geauga County Court of Common Pleas, Probate Division, Case No. 2016 PB 000186.

Judgment: Affirmed.


*Scott S. Rosenthal*, Schoonover, Rosenthal, Thurman & Daray, 1001 Lakeside Avenue, Suite 1720, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Jill C. Chodkowski*, 5001 Mayfield Road, Suite 201, Lyndhurst, OH 44124 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.


{¶1} Appellant, James E. Wren, Jr., appeals the trial court's denial of his application to change his son's surname. We affirm.

{¶2} Appellant and appellee, Sarah Tutolo, were never married, but have one child together, C.M.T., who was five years old at the time of the hearing. Appellee is the child's mother and custodial parent. She named the child at birth giving him her last name, and contests appellant's application. Appellant asked the court to change the

child's last name from the mother's surname only to a hyphenated last name to include both parent's surnames.

{¶3} Following a hearing, the trial court denied his application, explaining:

{¶4} "After hearing the testimony presented, the Court finds that father has not established that such name change, at this time, is in the best interest of the minor child.

{¶5} "While the Court recognizes father's involvement with the child, the evidence presented did not establish that the requested change of the minor's surname to a hyphenated combination of father's and mother's surnames is in the best interest of the minor child at this time. See *In re Willhite* (1999), 85 Ohio St.3d 28, 706 N.E.2d 778.

{¶6} "Therefore, the father's Application for Change of Name of Minor is denied * * *."

{¶7} Appellant asserts one assignment of error:

{¶8} "The trial court abused its discretion and committed reversible error by denying Appellant-Applicant-Father's Application to change his son's surname from 'Tutolo' to 'Wren-Tutolo' as the court failed to properly consider the factors as established by *In re Willhite*, 85 Ohio St.3d 28, 706 N.E.2d 778, and apply the facts of the instant matter accordingly."

{¶9} R.C. 2717.01(B) authorizes a probate court to change a minor's name upon application by a parent or guardian. Appellant, as the applicant, has the burden to affirmatively show that the name change is in the child's best interest. *D.W. v. T.L.,* 134 Ohio St.3d 515, 2012-Ohio-5743, 983 N.E.2d 1273, ¶17; *In re Change of Name of Halliday,* 11th Dist. Geauga No. 2005–G–2629, 2006-Ohio-2646, 2006 WL 1459635,

2

¶18. Upon considering a proposed name change, the trial court must consider the best interest of the child. *In re Willhite*, 85 Ohio St.3d 28, 706 N.E.2d 778, paragraph one of the syllabus (1999).

{¶10} In considering whether a proposed change in name is in a child's best interest, a trial court should consider the following factors:

{¶11} "the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest." *Id.* at paragraph two of the syllabus.

{¶12} Appellate review is limited to determining if the trial court's decision in granting or denying a requested name change is an abuse of discretion. *In re Willoughby,* 11th Dist. Lake No. 2001-L-208, 2002-Ohio-6581, ¶8. We are not permitted to substitute our opinion for a trial court's decision absent an abuse of discretion. *Id.*

{¶13} "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008–L–113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925). * * * [A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler,* 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL

3

1731784, ¶ 62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' *Id.* at ¶ 67." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

{¶14} First, appellant contends the trial court erred as a matter of law in its denial of his application because it failed to conduct a written analysis of the *Willhite* factors. We disagree. While the Supreme Court holds in *Willhite* and *D.W. v. T.L* that a court *must* consider the factors, neither case requires a trial court to outline its application of the factors to the facts before it. While a written analysis would aid appellate review, a lack of written analysis of the *Willhite* factors does not alone warrant reversal.

{¶15} Appellant also directs our attention to several facts evidencing that his proposed name change is in the child's best interest. He contends the trial court abused its discretion because it failed to consider that the child's mother opposed the name change application in an attempt to further distance father from their child and that she discourages visits with father and conceals information about the child.

{¶16} He also claims the trial court failed to consider that the requested name change would bolster the child's bond with father and his half-sister. Appellant believes the name change would solidify the child's understanding that he is part of a blended family and connect him with his paternal family as well as his maternal family. Appellant

4

explained that the child has questioned why he does not have the same last name like his sister, and says his son feels bad about not having his dad's last name.

{¶17} Appellant testified that he is current in his support payments. Appellant says the employees at the child's daycare do not associate the child with him because of the different last names and that this will make the child uncomfortable and cause embarrassment in the future. Appellant also contends that this is an ideal time to change the child's name because he has yet to start primary school.

{¶18} Appellant regularly visits, takes the child on vacation, and enrolls him in wrestling matches. Appellant explained that he has put both last names on the child's entry applications for wrestling for convenience purposes since he has encountered confusion as to who his child is. Appellant argues that his proposed hyphenated surname is a rational and logical decision that properly recognizes each parent's surname.

{¶19} Finally, appellant claims the trial court erred in not allowing the child to testify as to his preference on changing his surname. The judge did not permit the child to testify since he was only five years old at the time.

{¶20} Appellee, however, testified that the subject of changing the minor's last name has created confusion and anxiety in the child, and that he is too young to understand this issue. Appellee believes a hyphenated last name will create further confusion.

{¶21} Appellee is the residential parent, and she concedes that she enrolled the child in counseling without telling appellant, but explained that the child had certain issues following his visits with appellant, and that she needed a neutral third party to talk with him.

**{¶22}** Appellee emphasizes that although the child has asked questions about his last name, he has not indicated a desire to change his. She also related that the minor was worried about having to tell the truth in front of his dad. She explained:

**{¶23}** "In regards to coming to court today, he has had a lot of anxiety, especially the last couple days after returning from a week away, that he is terrified of what is going to happen if he has to talk in front of his dad. He doesn't feel like he can tell the truth."

**{¶24}** Appellee agrees that she has continually opposed and denied appellant's requests for additional visitation. She agrees that he is current in his support payments and that he visits regularly.

**{¶25}** In *Willhite,* the mother sought to change her child's surname to include both parent's surnames after the parties were divorce. The mother wanted the child to have a blended hyphenated name as appellant proposes here. The trial court employed an outdated analysis preferential to maintaining a father's surname. *Id.* at 31-32. The Supreme Court reversed and remanded the case to the probate court for it to reconsider mother's application upon addressing the best interests of the child via the stated factors. *Id.* at 33. The court emphasized in its conclusion that "[a] combined surname is a solution that recognizes each parent's legitimate claims and threatens neither parent's rights. The name merely represents the truth that both parents created the child and that both parents have responsibility for the that child." (Citation omitted.) *Id.*

**{¶26}** Appellant takes particular issue with the trial court's decision to not interview the child to assess his desires or opinion on the proposed name change. The *Willhite* factor on point states a trial court should consider "the preference of the child if

the child is of sufficient maturity to express a meaningful preference." After hearing the parties' testimony, including the mother's concerns that the child may have been coached on the topic and that the child has expressed reluctance in talking to the judge and telling the truth in front of his father, the trial court did not permit the five year old to testify.

{¶27} Appellant does not direct our attention to anything evincing that his child was of sufficient maturity to enable him to express his opinion, and in light of the concerns raised by appellee in her testimony, we find no error in the trial court's decision to disallow the child's testimony.

{¶28} Furthermore, evidence was presented supporting both parties' positions regarding the proposed name change, and the trial court properly references the governing standard and case law in its decision. Thus, we do not find the trial court's denial of appellant's application constitutes an abuse of discretion, and as such, appellant's sole assigned error lacks merit and is overruled.

{¶29} The trial court's judgment is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.