[Cite as *State v Burch*, 2017-Ohio-8945.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-A-0034** |
| DENNIS A. BURCH, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 00009.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellant).

*Margaret L. Brunarski*, Assistant Public Defender, 4817 State Road, #202, Ashtabula, OH 44004 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} Appellant, the state of Ohio, appeals the trial court's decision granting appellee's motion for a transcript of the recorded statements of the minor victim without holding a hearing. We reverse and remand.

{¶2} Appellee, Dennis A. Burch, was indicted and charged with four counts of gross sexual imposition in January of 2017 to which Burch pleaded not guilty.

{¶3} In February of 2017, the state filed its certification of nondisclosure pursuant to Crim.R.16(D) in which it explains that the state will not disclose the minor victim's video interviews. The state's certification states that nondisclosure "is for one or more of the following reasons * * *." It then recites four of the five reasons permitted for nondisclosure under Crim.R. 16(D)(1)-(5) without providing any case-specific factual details or support.

{¶4} In April of 2017, Burch moved the court for transcripts of his interviews as well as official transcripts of all "material" witness interviews conducted by the Geneva-on-the-Lake Police Department and Ashtabula County Children Services. Burch's motion alleges the transcripts would be invaluable in preparing his defense and that he is indigent and unable to pay. The trial court granted Burch's motion in part and overruled it in part.

{¶5} The narrow issue on appeal concerns the trial court's decision ordering the disclosure of the minor victim's statements. The trial court ordered the state to provide Burch with "a complete and accurate written transcript of the video recorded statements of the victim in this case, forthwith." It explains that the prosecution provided Burch with a partial, unofficial transcript of the victim's interview and that it had failed to detail the reasons supporting its certification of nondisclosure.

{¶6} The state moved for leave to appeal, which was granted and the trial court stayed the underlying proceedings pending appeal.

{¶7} The state raises one assigned error:

{¶8} "The trial court abused its discretion in granting appellee's motion for a transcript of the victim's video interview without a hearing pursuant to Crim.R. 16(F)."

2

**{¶9}** As stated, the state filed its certification of nondisclosure in February 2017 and it cites Crim.R. 16(D)(1)-(3) and (5) as reasons for its nondisclosure of complete copies of the victim's statements. Thereafter, Burch moved for copies of all "material" witnesses recorded statements, including the victim's.

**{¶10}** Crim.R. 16 governs discovery in criminal cases, and the granting or overruling of discovery motions in a criminal case rests within the sound discretion of the court. *State v. Blake,* 12th Dist. Butler No. CA2011-07-130, 2012-Ohio-3124, ¶14.

**{¶11}** "Absent a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court. *Birath v. Birath,* 53 Ohio App.3d 31, 39, 558 N.E.2d 63 (10th Dist.1988). 'This court has recently stated that the term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008-L-113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925). "The Second Appellate District also recently adopted a similar definition of the abuse-of-discretion standard: an abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler,* 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a

different result is not enough, without more, to find error.' *Id.* at ¶ 67." *Ivancic v. Enos,* 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

{¶12} Crim.R. 16(D) states:

{¶13} **"(D) Prosecuting Attorney's Certification of Nondisclosure.** If the prosecuting attorney does not disclose materials or portions of materials under this rule, the prosecuting attorney shall certify to the court that the prosecuting attorney is not disclosing material or portions of material otherwise subject to disclosure under this rule for one or more of the following reasons:

{¶14} "(1) The prosecuting attorney has reasonable, articulable grounds to believe that disclosure will compromise the safety of a witness, victim, or third party, or subject them to intimidation or coercion;

{¶15} "(2) The prosecuting attorney has reasonable, articulable grounds to believe that disclosure will subject a witness, victim, or third party to a substantial risk of serious economic harm;

{¶16} "(3) Disclosure will compromise an ongoing criminal investigation or a confidential law enforcement technique or investigation regardless of whether that investigation involves the pending case or the defendant;

{¶17} "(4) The statement is of a child victim of sexually oriented offense under the age of thirteen;

{¶18} "(5) The interests of justice require non-disclosure.

{¶19} "Reasonable, articulable grounds may include, but are not limited to, the nature of the case, the specific course of conduct of one or more parties, threats or prior

4

instances of witness tampering or intimidation, whether or not those instances resulted in criminal charges, whether the defendant is pro se, and any other relevant information.

**{¶20}** "The prosecuting attorney's certification shall identify the nondisclosed material."

**{¶21}** Here, the prosecutor's written certification of nondisclosure correctly identifies the nondisclosed material and the general reasons for nondisclosure consistent with Crim.R. 16(D). Although the rule requires the prosecuting attorney to have reasonable, articulable grounds in support of prongs (1) and (2) under Crim.R. 16(D), the rule does *not* require the prosecution to spell out those grounds in its initial written notice of nondisclosure filed with the court.

**{¶22}** Pursuant to Crim.R. 16(F), the trial court was required to hold a hearing before granting Burch's motion. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶52, reconsideration denied, 147 Ohio St.3d 1446, 2016-Ohio-7854, 63 N.E.3d 1215, and cert. denied, 137 S.Ct. 1594, 197 L.Ed.2d 720 (2017).

**{¶23}** Crim.R. 16(F) states:

**{¶24}** **"(F) Review of Prosecuting Attorney's Certification of Non-Disclosure.** Upon motion of the defendant, the trial court *shall* review the prosecuting attorney's decision of nondisclosure * * * for abuse of discretion during an *in camera* hearing conducted seven days prior to trial, with counsel participating.

**{¶25}** "(1) Upon a finding of an abuse of discretion by the prosecuting attorney, the trial court may order disclosure, grant a continuance, or other appropriate relief.

{¶26} "(2) Upon a finding by the trial court of an abuse of discretion by the prosecuting attorney, the prosecuting attorney may file an interlocutory appeal pursuant to division (K) of Rule 12 of the Rules of Criminal Procedure.

{¶27} "(3) Unless, for good cause shown, the court orders otherwise, any material disclosed by court order under this section shall be deemed to be 'counsel only' material, whether or not it is marked as such.

{¶28} "(4) Notwithstanding the provisions of (E)(2), in the case of a statement by a victim of a sexually oriented offense less than thirteen years of age, where the trial court finds no abuse of discretion, and the prosecuting attorney has not certified for nondisclosure under (D)(1) or (D)(2) of this rule, or has filed for nondisclosure under (D)(1) or (D)(2) of this rule and the court has found an abuse of discretion in doing so, the prosecuting attorney shall permit defense counsel, or the agents or employees of defense counsel to inspect the statement at that time.

{¶29} "(5) If the court finds no abuse of discretion by the prosecuting attorney, a copy of any discoverable material that was not disclosed before trial shall be provided to the defendant no later than commencement of trial. If the court continues the trial after the disclosure, the testimony of any witness shall be perpetuated on motion of the state subject to further cross-examination for good cause shown." (Emphasis added.)

{¶30} The mandatory nature of the hearing requirement in Crim.R. 16(F) is clear. The rule permits a trial court to order disclosure after a hearing and upon a finding that the prosecutor abused his discretion. Once the state properly certified its reason for withholding the victim's statements, the onus was on Burch to invoke the review

6

process under Crim.R. 16(F). *State v. Hebdon*, 12th Dist. Butler Nos. CA2012-03-052 and CA2012-03-062, 2013-Ohio-1729, ¶51.

{¶31} Thus, upon receiving defense counsel's motion for the minor victim's statements, the trial court was required to conduct an in camera hearing under Crim.R. 16(F) before ordering disclosure of a complete transcript of the victim's recorded statements.

{¶32} Accordingly, we reverse and remand.

CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.