[Cite as *State v. Davis*, 2020-Ohio-3237.]

N THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0002** |
| MATTHEW DAVIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 2018 CRB 01755.

Judgment: Affirmed.

*Michael Franklin*, Ashtabula City Solicitor, 110 West 4th Street, Ashtabula, Ohio 44004 (For Plaintiff-Appellee).

*Matthew Davis*, pro se, 3702 Station Avenue, Ashtabula, Ohio 44004 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Matthew Davis ("Mr. Davis"), appeals the judgment of the Ashtabula Municipal Court, which denied his "motion for relief after judgment under Civ.R. 60(B)," after he was convicted of menacing by stalking.

{¶2} Mr. Davis raises three assignments of error on appeal, contending the trial court erred in denying his motion for relief from judgment because it (1) failed to address his waiver of his right to a jury trial, (2) failed to ensure he waived his right to counsel knowingly, voluntarily, and intelligently, and, lastly, (3) should have stopped the trial and

engaged him in a colloquy to show that his guilty plea was knowingly, voluntarily, and intelligently entered.

{¶3} Mr. Davis' assignments of error are without merit. Firstly, a review of the record reveals that at his arraignment, the trial court informed Mr. Davis, and Mr. Davis signed a written acknowledgement, that if he wished to have his case tried before a jury, he was required to file a written jury trial demand. Secondly, the record reveals that Mr. Davis validly waived his right to counsel after the trial court informed him of his rights and that he signed a written waiver in open court that was attested to by the court. Lastly, the trial court was not required to engage Mr. Davis in a Crim.R. 11(C) colloquy because he never pleaded guilty. He was found guilty after a bench trial.

{¶4} The judgment of the Ashtabula Municipal Court is affirmed.

**Substantive and Procedural Facts**

{¶5} In November of 2018, Mr. Davis was arraigned on one count of menacing by stalking, a first-degree misdemeanor in violation of R.C. 2903.211(A)(1), after several violent altercations with his former girlfriend and the victim of his offenses, Jennifer Wells ("Ms. Wells"). The underlying case was the companion case to two other cases, no. 18 CRB 01754 and no. 18 CRB 01727, wherein Mr. Davis was charged with assault and menacing by stalking of Ms. Wells.

{¶6} After the trial court informed Mr. Davis of his rights in open court at his arraignment, Mr. Davis signed an acknowledgement of his rights and a waiver of counsel. The written waiver was also attested to by the trial court, with the judge's signature appearing below the signature of Mr. Davis. He acknowledged he was waiving his right to an attorney and that he had a right to a jury trial if he demanded one in writing. He

2

entered a plea of not guilty, and a bond was set with the condition that he abide by the criminal protection order ("CPO") that the court had granted upon motion of the prosecutor. The CPO provided that he have no contact with Ms. Wells.

{¶7} Prior to beginning the bench trial, the trial court inquired, and Mr. Davis affirmed that he still wanted to proceed pro se. Ms. Wells and an officer from the Ashtabula Police Department testified, as did Mr. Davis. Mr. Davis testified that if he had pleaded guilty, he would have a criminal record, which would hurt his business. He admitted that he grabbed Ms. Wells' arm at a gas station and then followed her to the police station, and that he sent her cards and left a gift basket by her door. The state entered into evidence pictures of a card, a letter, the gift basket with a card, as well as recordings of phone messages from Mr. Davis to Ms. Wells.

{¶8} Several days later, the trial court found Mr. Davis guilty of menacing by stalking, and the matter was set for sentencing. While awaiting sentencing, Ms. Wells wrote a letter to the court stating that Mr. Davis had contacted her and violated the CPO twice in the last three months. She asked the court to extend the CPO.

{¶9} Mr. Davis appeared at his sentencing without counsel, and the trial court imposed a sentence of 90 days in jail, with 60 days suspended, a fine, and court costs. The CPO was dissolved, and the trial court issued a no contact order regarding Ms. Wells.

{¶10} Upon Mr. Davis' motion, the audio file of the hearing was emailed to Mr. Davis. Mr. Davis also filed a motion to suspend his jail sentence, which the court denied. The court issued another judgment entry stating Mr. Davis had violated the no contact order prior to reporting to jail and that he was subsequently charged with felony menacing

3

by stalking. The court found his jail sentence should be imposed immediately instead of his original reporting date of October 1, 2019.

{¶11} Mr. Davis then filed a motion for relief after judgment under Civ.R. 60(B), the denial of which is the subject of the instant appeal. In his motion, Mr. Davis requested that the court reconsider its decision finding that he entered a guilty plea and waived his rights to a jury trial and counsel. He alleged that he had newly discovered evidence to support his claims.

{¶12} Mr. Davis claimed that the trial docket and the audio recordings of the proceedings were newly discovered evidence. When he reviewed this new evidence, he discovered that he had pleaded guilty. He argued that because he had pleaded guilty, the trial court should have conducted a Crim.R. 11 plea colloquy to ensure his plea was knowingly, voluntarily, and intelligently given. He also claimed that he did not waive his right to a jury trial or to counsel and that the record did not contain a written jury trial waiver.

{¶13} The trial court denied Mr. Davis' motion, finding that Mr. Davis did not plead guilty, but rather he was found guilty after a trial. Further, Mr. Davis waived his right to counsel in writing and in open court. Lastly, Mr. Davis was charged with a petty offense and did not demand a jury trial as required by Crim.R. 23.

{¶14} Mr. Davis now raises three assignments of error on appeal:

{¶15} "[1.] The trial court erred in denying defendant's motion [for] relief after judgment where it committed errors and omissions in failing to address defendant's waiver of right to trial by jury.

4

{¶16} "[2.] Trial court committed errors and omissions in failing to secure a waiver showing that defendant's right to counsel was knowingly, voluntarily and intelligently entered.

{¶17} "[3.] The trial court committed errors and omissions in failing to stop the trial and hold a colloquy to show that the defendant's guilty plea was knowingly, voluntarily and intelligently entered."

### Motion for Relief from Judgment

{¶18} In all three of Mr. Davis' assignments of error, he attacks the judgment of the trial court denying his motion for relief from judgment pursuant to Civ.R. 60(B).

{¶19} Ohio's postconviction proceedings are civil in nature, and a Civ.R. 60(B) motion is a proper vehicle to challenge the trial court's findings. *State v. Jackson*, 11th Dist. Trumbull No. 2008-T-0024, 2010-Ohio-1270, ¶13, *see State v. Jones,* 11th Dist. Ashtabula No. 2001-A-0072, 2002-Ohio-6914, ¶10.

{¶20} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion." (Citations omitted.) *Id.* at ¶14, citing *Bank One, NA v. SKRL Tool & Die, Inc.,* 11th Dist. Lake No. 2003-L-048, 2004-Ohio-2602, ¶15; *see also GTE Automatic Elect. v. ARC Industries*, 47 Ohio St.2d 146, 150 (1976). "An 'abuse of discretion' is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark

5

No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

{¶21} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:

{¶22} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶23} A party must comply with the following requirements when filing a motion for relief from judgment:

{¶24} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec.* at paragraph two of the syllabus.

**Newly Discovered Evidence**

{¶25}  At the outset, we note that Mr. Davis' assignments of error are without merit since he has failed to present any "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B)."  The docket and an audio recording of a hearing are simply part of the record of the case, not evidence.  Nonetheless, we will briefly address the merits of his arguments.

**Waiver of Right to a Jury Trial**

{¶26}  In his first assignment of error, Mr. Davis contends he did not waive his right to a jury trial and that he timely filed a written demand for one.

{¶27}  Pursuant to Crim.R. 23(A), "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial.  Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later.  Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

{¶28}  A review of the record and audio recording of Mr. Davis' arraignment reveals that the trial court informed Mr. Davis of his right to a jury trial and that he must file a timely written demand if he wanted to try his case before a jury.  Mr. Davis then signed an acknowledgement of his rights and waiver of counsel, which the court also signed. The acknowledgement and waiver stated that Mr. Davis "was entitled to a trial, which may be a jury trial provided [Mr. Davis] demand a jury trial in writing * * *."  There is no written demand for a jury trial in the record.

{¶29} Quite simply, the record does not support Mr. Davis' assertion that he filed a written demand for a jury, timely or otherwise, or his assertion that he "silently acquiesced" to a bench trial.

{¶30} Mr. Davis' first assignment of error is without merit.

**Waiver of Right to Counsel**

{¶31} In his second assignment of error, Mr. Davis contends he did not knowingly, voluntarily, and intelligently waive his right to counsel.

{¶32} "The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus, citing *Faretta v. California*, 422 U.S. 806 (1975). "Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (Emphasis deleted.) *State v. Karnofel,* 11th Dist. Trumbull No. 2015-T-0070, 2017-Ohio-428, ¶8, quoting *State v. McCrory*, 11th Dist. Portage No. 2006-P-0017, 2006-Ohio-6348, ¶22, quoting *State v. Wellman,* 37 Ohio St.2d 162 (1974), paragraph one of the syllabus, citing *Argersinger v. Hamlin,* 407 U.S. 25 (1972).

{¶33} Mr. Davis' conviction constitutes a petty offense because the maximum term of confinement for each offense is six months. *See* Crim.R. 2(D) and (C); R.C. 2929.24(A)(1).

{¶34} Crim.R. 44(B), titled "Counsel in Petty Offenses," states "[w]hen a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Further, Crim.R. 44(C), titled "Waiver of Counsel," requires that all waivers of counsel in petty offense cases "shall be in open court and the advice and waiver shall be recorded" via "shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device" pursuant to Crim.R. 22.

{¶35} There is a presumption against finding that a criminal defendant has waived his or her right to counsel. (Citations omitted.) *Karnofel* at ¶11. And no individual may be imprisoned for any offense without sufficient inquiry by the trial court to assess whether the defendant fully understands the impact of the waiver of the right to counsel. *Id.*, citing *State v. Gabel*, 11th Dist. Ashtabula No. 2008-A-0076, 2009-Ohio-3792, ¶15-16, citing *Wellman* at paragraph one of the syllabus. Moreover, the state bears the burden of overcoming the presumption against a valid waiver. (Citation omitted.) *Id.*

{¶36} This court has recognized that "a trial court is obligated to engage in a dialog with the defendant which will inform her of the nature of the charged offenses, any 'included' offenses, the range of possible punishments, any possible defenses, and any other facts which are essential for a total understanding of the situation." *State v. Ross*, 11th Dist. Trumbull No. 2016-T-0016, 2017-Ohio-709, ¶23, citing *State v. Mogul,* 11th Dist. Trumbull No. 2003-T-0178, 2006-Ohio-1873, ¶20.

{¶37} A review of the record and the audio recordings of Mr. Davis' arraignment and trial reveals the trial court informed Mr. Davis of his right to counsel, that he could

9

elect to proceed pro se or obtain representation, and that if he could not afford an attorney, the court would appoint him one. The trial court explained the nature of the charges, the possible sentences, as well as Mr. Davis' rights to confront, cross-examine, subpoena witnesses, and remain silent.

{¶38} Mr. Davis elected to proceed pro se, twice stating in open court and once before the start of trial that he was waiving his right to counsel. At his arraignment, he told the court he would probably speak with an attorney after leaving the courthouse and that he would defend himself. He signed an acknowledgement and waiver of counsel, to which the court attested with its signature below his. The waiver specifically stated:

{¶39} "2. That I have a right to an attorney, and a right to a postponement to secure the services of an attorney;

{¶40} "3. That if I am without funds to secure the services of an attorney and the Court finds this to be a fact, the Court will appoint an attorney to represent me without charge[.]"

{¶41} Mr. Davis' second assignment of error is without merit.

### Guilty Plea

{¶42} In his last assignment of error, Mr. Davis contends the trial court should have engaged in a Crim.R. 11(C) colloquy when he pleaded guilty in the middle of trial.

{¶43} A review of the record and audio recording of the trial reveals Mr. Davis' argument is wholly without merit. Mr. Davis never pleaded guilty; rather, he was found guilty by the trial court at the conclusion of his bench trial. Mr. Davis did discuss why he did not plead guilty when he took the stand and testified on his own behalf. He also admitted to grabbing Ms. Wells' arm, as well as sending her cards and a gift basket.

10

Simply because Mr. Davis admitted to these actions does not equate to a plea of guilty. Thus, the trial court was never required to engage him in a Crim.R. 11 colloquy. He was afforded the benefit of a full trial.

{¶44} Mr. Davis' third assignment of error is without merit.

{¶45} The judgment of the Ashtabula Municipal Court is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.