[Cite as *Granada v. Rojas*, 2024-Ohio-1272.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ADRIANA GRANADA,                          :

    Plaintiff-Appellant,              :

                                 No. 112622

    v.                                       :

ISRAEL ROJAS,                             :

    Defendant-Appellee.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 4, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-20-383315

---

### *Appearances:*

David J. Horvath, *for appellant.*

Baron Family Law, LLC, and Alexis M. Gacey, *for appellee.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Adriana Granada ("Granada") appeals from the final decree issued by the domestic relations court following her divorce from Israel Rojas ("Rojas"). After a thorough review of the record and law, we affirm.

# I. Factual and Procedural History

{¶ 2} The parties do not dispute that they married on July 1, 2015, and that no children were born as issue of the marriage. During that time, the parties jointly established a business, Just Right Environmental LLC ("Just Right"). In November 2020, Granada filed a complaint for divorce against Rojas, who answered and counterclaimed with his own complaint for divorce.

{¶ 3} In September 2021, Rojas filed a motion for leave to file an amended counterclaim, seeking annulment of the marriage. The amended counterclaim alleged that "[d]uring the pendency of the case, [Rojas] obtained evidence that [Granada] entered into the marriage with [Rojas] as a fraudulent means to obtain U.S. citizenship[.]" Rojas attached an affidavit executed by Jeremy Dinardo, alleging that prior to meeting Rojas, Granada sought marriage from Dinardo for the same reason. Rojas also attached the transcript of a conversation that he had with Granada, translated from Spanish, where Grenada admitted that she married Rojas for citizenship purposes.

{¶ 4} The parties tried the matter before a magistrate on January 3, 2022. Pertinent to this appeal, both parties presented experts who testified regarding the valuation of Just Right. Granada's expert, Terri Lastovka ("Lastovka"), testified that the fair market value of Just Right was $840,000. Rojas's expert, C. Clay Miller ("Miller") opined that the fair market value of Just Right was in the neighborhood of $290,000.

{¶ 5} The magistrate issued a decision on July 22, 2022. Both parties timely filed objections and the trial court overruled all except for Rojas's second objection that disputed the magistrate's finding that the parties jointly owned a boat and two jet skis, awarded Rojas ownership, and found that Rojas owed Granada $11,000 for the watercrafts. The trial court found that the evidence only established ownership as to a boat and a single jet ski and therefore, Rojas only owed Granada $9,000. The trial court adopted the magistrate's decision and issued a final decree on April 6, 2023.

{¶ 6} Granada timely appealed; Rojas attempted to cross-appeal, but was untimely in his efforts. We therefore proceed to review Granada's four assignments of error.

> I. The trial court abused its discretion in dividing marital property when it adopted the appellee's expert report and "[expressly] rejected" the more advanced, [thorough] and competent expert report of Terry [Lastovka], a seasoned expert and court witness.
>
> II. The trial court committed error in its division of property when it adopted the report of Miller and rejected the report of Lastovka and in failing [to] address over $350,000[] in marital funds taken by the appellee.
>
> III. The trial court [committed] reversable [sic] error in not taking into account the vast [disparity] in income of the parties as well as their lifestyle in denying appellant spousal support.
>
> IV. Regarding tax liabilities of the parties, the trial court [committed] reversible error in not addressing the potential tax liabilities of the parties for appellee's underreporting of income.

## II. Law and Analysis

## A. Valuation of Just Right

{¶ 7} In her first assignment of error, Granada argues that the trial court erred in determining the fair market value of Just Right when it found Rojas's expert credible and rejected Granada's expert.

{¶ 8} A trial court's decision regarding the admission of expert testimony is afforded broad discretion and thus, will not be disturbed absent an abuse of discretion. *Brown v. Brown*, 2014-Ohio-2402, 14 N.E.3d 404, ¶ 62 (8th Dist.), citing *Chattree v. Chattree*, 8th Dist. Cuyahoga No. 99337, 2014-Ohio-489, ¶ 45. Whether an expert's opinion is admissible depends on whether the principles and methods employed by the witness to reach his opinion are reliable and not necessarily whether his conclusions are correct. *Chattree* at ¶ 48, citing *Miller v. Bike Athletic Co.*, 80 Ohio St.3d 607, 611, 687 N.E.2d 735 (1998). Further, a decision regarding a business valuation "involves factual inquiries, requiring an appellate court to apply a manifest weight of evidence standard of review." *Haynes v. Haynes*, 8th Dist. Cuyahoga No. 92224, 2009-Ohio-5360, ¶ 14, citing *Wright v. Wright*, 4th Dist. Hocking No. 94CA02, 1994 Ohio App. LEXIS 5207,12 (Nov. 10, 1994). "An appellate court will not reverse a trial court's valuation if it is supported by some competent, credible evidence." *Id.*, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 9} When Granada raised this objection to the magistrate's decision, the trial court overruled it, finding that

[Rojas] is the owner of a remediation and environmental cleanup service called Just Right Environmental, LLC. The parties agree that the business is a marital asset. [Granada and Rojas] each retained an expert to prepare a report and testify at trial to an estimated valuation of the business. [Granada's] expert determined that as of December 31, 2020, the business had a value of approximately $840,000. [Rojas's] expert determined that as of August 31, 2021, the business had an estimated value of $291,100.

Both experts submitted valuation reports and testified to their credentials and to how they determined the value of the business. Both experts used a Capitalized Earning Method and Market Data Method to reach their conclusions. Both experts considered the marketability of the business and applied a discount to their valuations accordingly. After hearing the testimony and reviewing the records, the Magistrate determined that [Rojas's] expert provided a more accurate valuation, and expressly rejected the valuation of [Granada's] expert.

Upon review of the record, transcripts, and other supporting documents, the Court agrees with the Magistrate. [Granada's] and [Rojas's] experts came to significantly different conclusions of the business's value. [Just Right] is a small business with few employees that was started in 2018 by [Rojas], only two years prior to [Granada] filing her complaint for divorce. Further, [Just Right] offers a niche service indicating a lack of secondary market should [Rojas] choose to sell the business. Taking into consideration the business's revenues, expenditures, and marketability, [Rojas's] expert's valuation is more reasonable and credible. [Granada's] first objection is overruled.

{¶ 10} Granada points us to several portions of the transcript where she merely disagrees with Miller. Some of Granada's most significant claims are that Miller (1) admitted that Just Right cannot be evaluated by its book value; (2) only reviewed tax returns, some financial statements, pay stubs, check registers from the preceding three years, and a balance sheet; (3) admitted to using limited and outdated outside sources for comparable sales and valuation; (4) only spoke to the owner and office manager of Just Right; (5) did not use any hypothetical

considerations or evaluations, nor take into account the strengths or weaknesses of the business that might have influenced the valuation; and, (6) was not aware of Rojas's personal expenses placed on the business credit card nor Rojas's cash withdrawals from the bank account. Granada argues that by contrast, Lastovka reviewed the corporate bank statements that did not correspond to the tax returns and realized that Rojas withdrew large amounts of cash in 2019 and 2020, and used these in computing the valuation. Granada also attacks the credibility and qualifications of Miller as compared to Lastovka.

{¶ 11} We note that all of this information was available to the magistrate and trial court via the transcript and admitted exhibits. Both Miller and Lastovka testified as to the strengths and limitations of their review, recognized that a business of this type is difficult to value, and testified as to their qualifications and background in performing their respective evaluations. Both experts revealed exactly what information was made available to them by the parties and whether it was considered in their reports and valuation calculations, therefore demonstrating the confines of each of their reports.

{¶ 12} The trial court considered all of the factors that Granada raises as questionable. As the trial court did, we note that this is a fairly new business with limited records and is family-run with few employees, making valuation difficult. Nonetheless, these difficulties were spelled out for the trial court by both experts, whether on direct or cross-examination. The trial court was therefore entitled to accept Miller's opinion as to the valuation over Lastovka's, and the record indicates

that Miller set forth competent, credible evidence from which the trial court could determine that Miller's computations were closer to the exact value of Just Right.

{¶ 13} We therefore conclude that there was no abuse of discretion. Granada's first assignment of error is overruled.

## B. Withdrawals from Business Account

{¶ 14} In her second assignment of error, Granada argues that the trial court erred in failing to address the alleged $350,000 in cash that Rojas withdrew from Just Right at the beginning of the divorce proceedings in determining the valuation of Just Right. As in her first assignment of error, Granada alleges that the trial court erred in accepting Rojas's expert's testimony as to the withdrawals over Granada's expert, who took them into account when completing her evaluation. Moreover, both Rojas and Granada testified regarding these distributions and made the trial court aware of them. Granada does not contest "any other distributions of property" and instructs that she is only appealing the valuation of Just Right rather than the trial court's entire determination on the division of marital property.

{¶ 15} Because Granada limits this assignment of error to merely the valuation of Just Right, we note that it is almost identical to her first assignment of error: a disagreement with the magistrate and trial court's choice to adopt the valuation posed by Rojas's expert over Granada's expert. We once again reiterate that the trial court had these arguments before it, heard the testimony of both experts, heard the testimony of the parties, and ultimately decided to accept Miller's valuation of the company over Lastovka's. Further, the trial court concluded that

"any distributions from [Rojas's] business taken by [Rojas] during the marriage was income to [Rojas] and not subject to division under R.C. 3105.171(A)(3)(a)." There is competent, credible evidence in the record that Miller's proposed value of Just Right was reliably supported, and that the cash withdrawals made by Rojas could have been income pursuant to R.C. 3105.171(A)(3)(a).

{¶ 16} Granada's second assignment of error is therefore overruled.

## C. Spousal Support

{¶ 17} In Granada's third assignment of error, Granada argues that the trial court erred in denying her spousal support. In support of this assignment of error, Granada claims that the trial court acted arbitrarily and unreasonably in its determination that spousal support was neither appropriate nor reasonable. Granada premises her argument upon the disparity in earnings between the parties and the opportunities that Rojas's business would provide for him.

{¶ 18} A determination as to whether spousal support should be awarded requires a trial court to consider the factors enumerated in R.C. 3105.18(C)(1)(a)-(n) and has broad discretion in determining whether spousal support is appropriate. *Friedler v. Friedler*, 8th Dist. Cuyahoga No. 92402, 2009-Ohio-4719, ¶ 13, citing *Cooper v. Cooper*, 8th Dist. Cuyahoga No. 86718, 2006-Ohio-4270, ¶ 8. Decisions regarding spousal support will not be disturbed on appeal absent a showing that the trial court abused its discretion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983).

{¶ 19} As the appellant in *Friedler* also argued, Granada claims that the trial court failed to discuss the findings of fact that led it to deny spousal support, and thus abused its discretion. *Friedler*, however, found that the magistrate and trial court's discussion of the marital assets, including the real property, debts, and financial assets along with the length of the marriage were sufficient as findings of fact to support the trial court's decision to refrain from awarding spousal support. *Id.* at ¶ 16-17.

{¶ 20} In the instant matter, the magistrate found that the duration of the marriage was July 1, 2015, through December 20, 2021, and that Rojas had owned two properties prior to the marriage that are separate property. The magistrate made findings regarding the parties' interest in jointly owned real estate and equity, personal property, vehicles, watercrafts, financial accounts, pensions, annuities, Just Right, the proceeds of a civil lawsuit settlement, and debts; all of which were divided equally among the parties. After discussing these assets, the magistrate denied spousal support, noting that "[a]fter considering all of the statutory factors set forth above, it is neither appropriate nor reasonable for spousal support to be paid[.]"

{¶ 21} After Granada raised the denial of spousal support in her objections, the trial court reviewed the record and determined that the magistrate did not commit an abuse of discretion, finding that

> [o]n February 16, 2021, [Granada] filed a Motion for Temporary Support requesting an order of temporary spousal support. On May 25, 2021, * * * upon review of the parties' affidavits and submitted

financial documents, determined that an order of temporary support was not appropriate.

On June 1, 2021, [Granada] filed a Motion for [Civ.R. 75(N)] hearing regarding the Magistrate's Order denying Temporary Support. On September 2, 2021, prior to the [Civ.R. 75(N)] hearing[,] the parties filed an Agreed Judgment Entry stating that [Rojas] agreed to pay [Granada] a sum of $1,500 monthly as for spousal support during the pendency of the divorce.

At trial, [Granada] requested an award of spousal support in the final decree of divorce. [Rojas] requested that no spousal support be awarded. [The subsequent magistrate] determined that an award of spousal support was not appropriate.

The court has reviewed the record in its entirety and agrees with both [magistrates]. This was a short term marriage. No children were born as issue of the marriage. Upon review and in consideration of the factors in R.C. 3105.18(C)(1), the court finds that an award of spousal support is neither reasonable nor appropriate.

{¶ 22} Upon our own review, we can glean that both the magistrate and the trial court made explicit findings of fact pursuant to R.C. 3105.18(C)(1)(a), (d), (e), and (i),[1] and also stated that it considered the others. "A trial court is not required to enumerate each factor in R.C. 3105.18(C)(1), but must merely provide a sufficient basis to support its award." *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255, ¶ 83, citing *Abram v. Abram*, 9th Dist. Medina No. 3233-M, 2002-Ohio-78. Additionally, this court has previously noted that income equalization is

---

[1] These factors are "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; * * * (d) The retirement benefits of the parties; (e) The duration of the marriage; * * * (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties[.]"

not a factor that must be considered under R.C. 3105.18(C)(1). *Walpole v. Walpole*, 8th Dist. Cuyahoga No. 99231, 2013-Ohio-3529, ¶ 23.

{¶ 23} Granada and Rojas both acquired numerous assets during the marriage, all of which were divided equally among them, resulting in Granada receiving a lump sum payment of at least $183,050.[2] Granada also retained a 100 percent interest in her residential and commercial cleaning business, as noted in the final decree. It was not an abuse of discretion, therefore, for the trial court to deny Granada spousal support.

{¶ 24} Granada's third assignment of error is overruled.

### D. Tax Liability and Responsibility

{¶ 25} In her final assignment of error, Granada argues that the trial court erred in failing to address tax responsibility for Just Right and notes that "Mr. Rojas should be entirely responsible for any tax liability for [Just Right] since its inception through the present, along with any other misrepresentation of income on his personal return."

{¶ 26} During the oral argument on this matter, Rojas conceded this assignment of error, and later filed a supplemental notice, conceding that "[he]

---

[2] Unfortunately, we do not know the exact amount that Granada will receive, and neither did the trial court. The final decree ordered Rojas to pay $28,500 for her interest in the marital real estate properties; $9,000 for the boat and jet ski; and $145,550 for her interest in Just Right. The trial court also ordered Rojas to pay Granada "half of the amount of the proceeds he received pursuant to the settlement of his civil lawsuit against Pioneer Environmental in CV-19-923300." The trial court noted that the amount was unknown because no evidence was presented to determine the amount of proceeds received.

agrees to save and hold [Granada] harmless from any liabilities associated with his tax returns, including the returns of Just Right Environmental, LLC." Accordingly, we need not further address this assignment of error because the parties are in agreement as to tax liability. We also note that there is almost no discussion regarding tax liability, no evidence of outstanding tax liabilities, and no evidence that either party will incur tax liabilities on the record before us. We therefore do not find that the trial court was even required to address the tax liabilities because neither party demonstrated that tax liabilities needed to be addressed and divided in the decree.

{¶ 27} Granada's final assignment of error is overruled.

### III. Conclusion

{¶ 28} We find no merit in any of Granada's assignments of error. The trial court's business valuation, that includes the cash withdrawals made by Rojas, is supported by competent, credible evidence in the record. The trial court did not abuse its discretion in determining that spousal support was not warranted based on the evidence presented in this matter. Finally, the trial court did not abuse its discretion in failing to address Granada's potential tax liability where this issue is not contained in the record as an issue that must be addressed.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR